Robert M. Charles, Jr. (# 7359)
**LEWIS ROCA ROTHGERBER LLP**
One South Church Avenue Suite 700
Tucson, AZ 85701
Telephone: (520) 629-4427
Facsimile: (520) 879-4705
E-Mail: RCharles@LLRLaw.com


Stephen L. Raucher (CA Bar #162795) (Admitted Pro Hac Vice)
**REUBEN RAUCHER & BLUM**
10940 Wilshire Blvd., 18th Floor
Los Angeles, CA 90024
Telephone: (310) 777-1990
Facsimile: (310) 777-1989
E-Mail: slr@rrbattorneys.com


Attorneys for Creditor/Plaintiff
4 and 1 Nutrition, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| ROBERT W. BRANSKY, and JODI L. BRANSKY | Case No. 4:15-bk-05735-SHG |
| Debtors. | Adversary Case No: |
| 4 AND 1 NUTRITION, LLC, a Delaware limited liability company, | **COMPLAINT FOR NONDISCHARGEABILITY UNDER 11 U.S.C. §§ 523(A)(4) AND 523(A)(6)** |
| Plaintiff, | |
| v. | |
| ROBERT BRANSKY, an individual; | |
| Debtor/Defendant. | |

4 and 1 Nutrition, LLC ("4 and 1" or "Plaintiff"), by and through undersigned counsel, alleges: .

## **THE PARTIES**

1. Debtor/Defendant Robert W. Bransky ("Bransky" or "Debtor") is married to Debtor Jodi L. Bransky, and both reside in Pima County in the State of Arizona.

2. 4 and 1 Nutrition, LLC is a Delaware limited liability company.

3. All actions taken by Debtor Robert W. Bransky as alleged herein were taken for and on behalf of the marital community existing between the Debtor Robert W. Bransky and Debtor Jodi L. Bransky.

4. Debtors Robert W. Bransky and Jodi L. Bransky filed a petition for Chapter 11 bankruptcy on May 9, 2015.

5. The Court granted an order granting joint administration of the Debtors' bankruptcy cases on May 26, 2015.

6. On August 14, 2014, Plaintiff filed a Complaint against the Defendant in Los Angeles County Superior Court, entitled *4 and 1 Nutrition, LLC v. Bransky et al.*, assigned Case No. BC554802 (hereinafter referred to as the "4 and 1 Action.")

**JURISDICTION AND VENUE**

7. Plaintiff is commencing this proceeding as an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure to object to the discharge of the debt, and/or for a determination of the dischargeability of the debt, owed by Debtor to Plaintiff.

8. This is a core bankruptcy proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I), and 157(b)(2)(J). Plaintiff consents to this Court's entry of final orders in this adversary proceeding.

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

10. This Court is the proper venue by virtue of 28 U.S.C. § 1409(a).

**FACTUAL AND PROCEDURAL BACKGROUND**

11. 4 and 1 was formed by Debtor/Defendant Robert W. Bransky and David Janow in 2008 for the purpose of developing and selling plant proteins and related products. 4 and 1 was named as such because, at the time, Bransky had four children and Janow had one.

12. Bransky and Janow intended for 4 and 1 to be the vehicle through which they would pursue all business opportunities in the field of nutrition ingredients that were not suitable for Janow's company, Axiom Foods, Inc. ("Axiom"), or a subsequently-created company owned by Janow, Bransky, and others, Growing Naturals, LLC ("Growing Naturals").

13. 4 and 1 worked closely with Axiom and Growing Naturals, sharing much of the product sources and distribution lines.

14. Bransky is a Member of Plaintiff, and acted as an agent for Plaintiff. Bransky's responsibilities included managing Plaintiff's relationships with certain customers and suppliers, and developing new customers and supply sources.

15. Bransky had access to essentially all of Plaintiff's confidential and proprietary information, as well as detailed information on Plaintiff's suppliers, customers, product information, marketing materials, customer lists, and business plans, among other things.

16. Bransky was also the sole member of his own company, J.R. Williams LLC ("J.R. Williams"). Bransky represented to Plaintiff that J.R. Williams would not compete with Plaintiff, and would only deal in separate products that were distinct and unrelated to Plaintiff's products.

17. In late April 2014, Plaintiff discovered that, since at least the beginning of 2013, Bransky had been secretly competing with Plaintiff through J.R. Williams. Among other misconduct, Bransky used Plaintiff's confidential and trade secret information to purchase products and ingredients from Plaintiff's suppliers, and sold those products to Plaintiff's existing and potential customers. All the while, Bransky continued to "work" for Plaintiff.

18. Bransky regularly exported Plaintiff's confidential information by forwarding email attachments and other sensitive information from his Axiom email address to his collaborator and employee at J.R. Williams, Sam Kappel.

19. Kappel is also a defendant in a related California case, entitled *Axiom Foods, Inc. v. Bransky et al.*, assigned Los Angeles Superior Court Case No. BC544613 (hereinafter referred to as the "Axiom Action").

20. Bransky regularly ignored and/or neglected his customer relationship responsibilities for Plaintiff, as well as his prospective customer relations and development responsibilities for Plaintiff for well over a year in order to establish his own channels of distribution for proteins and protein products.

6531395.2
50737077.1

Case 4:15-ap-00667-SHG  Doc 1  Filed 08/10/15  Entered 08/10/15 15:38:55  Desc
Main Document  Page 3 of 8

21. Bransky also solicited the help of other employees of Plaintiff, requesting information and other assistance without disclosing to them that it was for the benefit of himself and J.R. Williams.

22. Records and computer files recovered from Bransky demonstrate that he and J.R. Williams bought and sold over 400,000 kg of pea protein, in direct competition with Plaintiff's business. Much of this was purchased from the same sources of pea protein used by Plaintiff, at a time when supplies were limited.

23. On information and belief, Bransky made numerous purchases of protein related products from Plaintiff's sources and prospective sources, then attempted to sell that product to Plaintiff's customers and prospective sources. Those products included proteins made from, among other things, buckwheat, fava beans, lentils, sesame, hemp, and flax seeds.

24. Bransky sold protein products to numerous existing and potential 4 and 1 customers. In doing so, he used Plaintiff's own confidential information, such as proprietary pricing data, in order to undercut Plaintiff and divert business to himself and J.R. Williams.

25. Throughout the course of Bransky's misconduct, Bransky put great effort into concealing his competing activities from Plaintiff. Among other things, he warned his collaborators not to send emails to his 4 and 1 and Axiom email addresses, and took considerable efforts to ensure that Defendants' names were not on any publicly searchable customs or import records.

26. Bransky regularly expressed malice towards Axiom, and by association 4 and 1, in his communications with third parties while still working for 4 and 1. In a February 17, 2014 email to Jonathan Taylor of Hill Pharma, Bransky wrote:

> "Thank you buddy. Kenny at Nutribiotics told me today you keep calling him. He said he won't change right now. He has calif. Prop 65 warnings on his label so he has no issues. Well until I release wave two on axiom. Hahaahaa"

27. Bransky also contacted third parties and requested that they sabotage Plaintiff's business dealings. In a December 19, 2013 text message to Michele Mullen, an employee of a co-packer who often worked with Bransky and Plaintiff, Bransky wrote:

> "Also heard that david and julie had conference call with capital brands today. PLEASE DO NOT Let David or Julie Get That Business."

The David referred to in that text message is David Janow, while Julie refers to Julie Engerman.

28. In another March 12, 2014 communication with Michele Mullen, Bransky wrote:

> "I'm taking axiom down next week so she will be looking for a job … I stole all my axiom to myself. Hahahaha … Yes gol [sic] is 100% dine wirh [sic] axiom so they lost 50% of total biz. So people will be laid off for sure"

"GOL" is a reference to Garden of Life, one of Plaintiff's major customers. Bransky gleefully discussed how he was stealing customers from Axiom, and how the company would likely need to lay off people as a result of his actions. Due to the connection between Axiom and 4 and 1, Bransky was aware that damage to Axiom would also harm 4 and 1. Remarkably, Bransky was still working for Axiom and 4 and 1 at this time.

29. After learning of Bransky's misconduct, Axiom, Growing Naturals, and 4 and 1 terminated Bransky's employment on May 5, 2014. Axiom and Growing Naturals then filed the Axiom Action.

30. On August 14, 2014, 4 and 1 filed the 4 and 1 Action.

31. The Complaint in the 4 and 1 Action is premised on Bransky's various breaches of fiduciary duty and acts of fraud through the exploitation of confidential information and direct competition with Plaintiff despite being a member and agent of Plaintiff, and intentional concealment of his actions from Plaintiff. The Complaint asserts claims for breach of fiduciary duty, constructive fraud, intentional interference with prospective economic advantage, unfair business practices, and unjust enrichment.

32. During the pendency of the 4 and 1 Action, Plaintiff learned that Sam Kappel, Bransky's collaborator and right hand man, had recently formed his own business, Private Label

6531395_2
50737077.1

Proteins, LLC ("Private Label"). Private Label was yet another company formed to sell rice protein and pea protein, in direct competition with Plaintiff.

33. On information and belief, Bransky is either supporting or managing Private Label and intends to use it to circumvent any restrictions placed on him or J.R. Williams.

34. While the 4 and 1 Action was still pending before the court, Bransky and J.R. Williams filed for bankruptcy.

35. Plaintiff believes that Debtor filed these bankruptcy petitions as a delay tactic and to avoid paying any damages that would likely be awarded to Plaintiff against him for his fraudulent breaches of fiduciary duties.

36. Plaintiff was damaged as a result of Bransky and J.R. Williams' fraudulent conduct in breaching their fiduciary duties in an amount to be determined in the 4 and 1 Action.

## COUNT 1

**Non-Dischargeability Under 11 U.S.C. § 523(a)(4)**
**(Fraud/ Breach of Fiduciary Duty)**

37. Plaintiff incorporates by reference all other allegations of this Complaint as part of this Count 1.

38. Bransky, in his capacity as a Member and agent of 4 and 1, owed fiduciary duties of care and loyalty to Plaintiff.

39. Bransky breached his fiduciary duties to Plaintiff by, among other things, exploiting confidential information and other corporate assets, usurping corporate opportunities for himself and J.R. Williams, creating a competing business, and sabotaging Plaintiffs' relationships and reputations.

40. Bransky committed constructive fraud while acting in his fiduciary capacity by intentionally concealing, and failing to disclose, his wrongful acts and omissions alleged above.

41. J.R. Williams conspired with Bransky, and aided and abetted his breaches of fiduciary duty, in that J.R. Williams knew of Bransky's fiduciary duties, knew that the proposed

acts and omissions would breach those duties, and gave substantial assistance and encouragement to Bransky to do so.

42. Plaintiff has been harmed as a direct and proximate result of Debtor's fraudulent conduct in breaching fiduciary duties.

43. As a direct and proximate result of Bransky's breach of fiduciary duties, 4 and 1 has been damaged in an amount to be determined in the 4 and 1 Action, but no less than $2,250,000.

44. The debt owed by Debtor to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

## COUNT 2

**Non-Dischargeability Under 11 U.S.C. § 523(a)(6)**
**(Willful and Malicious Injury of the Property of Another).**

45. Plaintiff incorporates by reference all other allegations of this Complaint as part of this Count 2.

46. Debtor willfully and maliciously caused injury to Plaintiff.

47. Plaintiff is a creditor of Debtor.

48. Upon information and belief, Debtor willfully and maliciously injured Plaintiff's reputations and relationships by instructing third parties to interfere with Plaintiff's business relationships, causing injury to Plaintiff.

49. Upon information and belief, Debtor willfully and maliciously ignored and/or neglected his current customer relations responsibilities as well as his prospective customer relations and development responsibilities for Plaintiff with the intent of damaging Plaintiff's business.

50. Plaintiff and its property were damaged as a result of Debtor's willful and malicious actions.

51. The debt owed by Debtor to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek an Order from this Court as follows:

A. Declaring that the debt owed from the Debtor to the Plaintiff is not dischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6); and

B. For such other relief as the Court deems just and proper and/or as the circumstances may require.

DATED: August 10, 2015.	LEWIS ROCA ROTHGERBER LLP


/s/ Robert M. Charles, Jr.
ROBERT M. CHARLES, JR.
Attorneys for Creditor/Plaintiff
4 and 1 Nutrition, LLC


REUBEN RAUCHER & BLUM


/s/ Stephen L. Raucher
STEPHEN L. RAUCHER, *pro hac vice pending*
Attorneys for Creditor/Plaintiff
4 and 1 Nutrition, LLC